# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| DOUGLAS WAYNE YOUNG, | ) |
| Petitioner, | ) |
| v. | ) No. 2:15-CV-278-JRG-MCLC |
| RANDY LEE and THE ATTORNEY GENERAL OF THE STATE OF TENNESSEE, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a pro se prisoner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 1]. Respondent filed a response in opposition thereto [Doc. 8], as well as copies of the state record [Doc. 9]. Petitioner filed a reply [Doc. 15]. After reviewing all of the relevant filings, including the state court records, the Court finds that the record establishes that Petitioner is not entitled to habeas relief. Accordingly, no evidentiary hearing is warranted, *see* Rules Governing § 2254 Cases, Rule 8(a) and *Schirro v. Landrigan*, 550 U.S. 465, 474 (2007), Petitioner's § 2254 petition [Doc. 1] will be **DENIED**, and this action will be **DISMISSED**.

### I. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), codified in 28 U.S.C. § 2254, *et. seq*., a district court may not grant habeas corpus relief for a claim that a state court adjudicated on the merits unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)–(2).

The § 2254(d) standard is a hard standard to satisfy. *Montgomery v. Bobby*, 654 F.3d 668, 676 (6th Cir. 2011) (noting that "§ 2254(d), as amended by AEDPA, is a purposefully demanding standard . . . 'because it was meant to be'") (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)).

## II. BACKGROUND

On August 26, 2009, a Sullivan County jury convicted Petitioner of especially aggravated kidnapping, four counts of aggravated rape, aggravated assault, and aggravated burglary [State Court Record Attachment 6 at 754–57]. These convictions arose out of Petitioner "breaking into his estranged wife's home, forcing her to have sex with him, and forcing her to accompany him as he traveled between Tennessee, Georgia, and North Carolina" on or about January 4 through January 11, 2008. *State v. Young*, No. E2010-00027-CCA-R3-CD , 2011 WL 1991732, at *1 (Tenn. Crim. App. May 23, 2011).

In this action, Petitioner seeks relief under § 2254 for these convictions on the basis that the trial court improperly allowed the victim of those crimes to testify in detail regarding Petitioner's attack and rape of her on December 1, 2007, a little more than one month before the date of the crimes at issue in the trial [Doc. 1 at 4–8]. While Petitioner's original petition frames the admission of this evidence as an abuse of discretion by the trial court [*Id.*], Petitioner asserts in his reply that this evidence was not material to the case against him and that the admission thereof was therefore a denial of fundamental fairness [Doc. 15 at 3–4]. Thus, the Court liberally construes Petitioner's § 2254 petition to assert that the admission of this evidence resulted in a

denial of fundamental fairness such that it violated Petitioner's right to due process. *Brown v. O'Dea*, 227 F.3d 642, 645 (6th Cir. 2000).

In its opinion denying relief on this claim in Petitioner's direct appeal of his convictions,[1] the Tennessee Criminal Court of Appeals ("TCCA") found that while the testimony of the victim about the previous attack was relevant to Petitioner's intent and motive for the crimes at issue,[2] it was also more detailed than necessary. *State v. Young*, No. E2010-00027-CCA-R3CD, 2011 WL 1991732, at *18–20 (Tenn. Crim. App. May 23, 2011). Nevertheless, the TCCA concluded that, in light of the other substantial evidence against Petitioner, the trial court's admission of the victim's testimony regarding the prior attack did not affect the result of the trial. *Id.* at 20.

## III. ANALYSIS

The question for the Court is whether the TCCA's holding that the trial court's admission of the victim's testimony about Petitioner's attack on her on December 1, 2007, did not change the

---

[1] Petitioner also filed a petition for post-conviction relief regarding his convictions [State Court Record Attachment 13 at 1–7], but did not raise this claim therein.

[2] Specifically, the TCCA stated as follows:

> With regard to motive, the evidence reflected that the Defendant had a court date on January 9, 2008, concerning the previous attack at which the victim planned to testify. Neither of them appeared at the court date. The Defendant's actions and his threat on December 1, 2007, that he would take the victim to the mountains and kill them both before he would go to jail, was also relevant to establish his intent and why the victim did not resist the Defendant or seek help while in public. The evidence also established that the Defendant's use of force against the victim was not accidental or consensual because it showed that he previously used force against the victim after she rejected his attempt to reconcile.

*See Young*, 2011 WL 1991732, at *19

3

result of the trial was reasonable. Specifically, the Court must determine whether admission of the challenged evidence was so fundamentally unfair that it violated Petitioner's right to due process. *Brown*, 227 F.3d at 645. This determination hinges on whether the challenged evidence was "material" such that it was "a crucial, critical highly significant factor" in the jury's decision to convict Petitioner. *Id*.

First, in reviewing the state court record of Petitioner's trial, the Court agrees with the state courts that the victim's testimony regarding Petitioner's previous attack on her was relevant to establish Petitioner's intent and motive regarding the charges against Petitioner in the trial. *See Young*, 2011 WL 1991732, at *19; State Court Record Attachment 4 at 325–28, 339–41. The Court also agrees with the TCCA, however, that the testimony regarding that attack was at least arguably more detailed than necessary to establish Petitioner's intent and motive. *Id.* at 20; State Court Record Attachment 4 at 334–39.

As to the ultimate issue regarding Petitioner's claim for habeas corpus relief, however, the Court finds that the victim's testimony at issue was not material to the jury's decision to convict Petitioner for the underlying crimes, as the remainder of the evidence presented at Petitioner's trial was specific, exhaustive, and highly probative as to Petitioner's guilt. Specifically, the TCCA summarized the other relevant evidence of Petitioner's guilt introduced at trial as follows:

> Mr. Smith testified that on the day of the kidnapping, he attempted to persuade the Defendant against going to the victim's house. He said the Defendant stated that he wanted to catch the victim, that he was not sure what he would do but that he had "to do it," and that he was "cold." He said he did not arrange to provide the Defendant a ride later that day, which was contrary to the Defendant's testimony. The victim testified that the Defendant attacked her in her home, broke her nose, forced her to have sex, and forced her to travel with him. The Defendant claimed that the victim voluntarily engaged in sexual activity immediately after the attack, despite the victim's suffering from a closed nasal fracture and a deviated nasal septum.

4

> The Defendant agreed that he initially told Agent Thompson he and the victim did not do anything sexual at her home on January 4, 2008, and that he did not know that Agent Wessner would analyze the victim's towel or bedspread and find his semen on those items. Agent Wessner testified that the Defendant's semen was found on the victim's bedspread, her hand towel, and on a vaginal swab. The victim testified that after the attack, she spat blood on the wall to provide evidence of the attack. Agent Wessner testified that the victim's blood was found on the bedspread, the hand towel, and in the hallway. The Defendant could not explain why the victim's blood was in the hallway.
>
> The Defendant testified that he was unaware he had a .25 caliber gun in his pocket at the time of his arrest and that the victim never knew he had the gun. However, when police confronted the Defendant, the victim immediately told them the Defendant had a gun, ran away crying, and thanked the officers. The victim's father also testified that the victim did not take her epinephrine pen with her or ensure that her dogs were taken care of when she left, which was unusual and not like her.

*Id.* at 20. In light of this evidence, which Petitioner does not dispute, the TCCA reasonably determined that the victim's detailed testimony regarding Petitioner's previous attack more likely than not did not affect the result of the trial. Accordingly, Petitioner is not entitled to relief on this claim under § 2254.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Petitioner's claim for relief does not warrant issuance of a writ. Therefore, Petitioner's petition for a writ of habeas corpus [Doc. 1] will be **DENIED** and this action will be **DISMISSED**.

## V. CERTIFICATE OF APPEALABILITY

The Court must now consider whether to issue a COA, should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c), a petitioner may appeal a final order in a habeas proceeding only if he is issued a COA, and a COA may only be issued where a Petitioner has made

a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Where the court dismissed a claim on the merits, but reasonable jurists could conclude the issues raised are adequate to deserve further review, the petitioner has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327, 336 (2003).

Petitioner, however, has not made a substantial showing that his trial for the relevant convictions was fundamentally unfair such that it denied him due process. Accordingly, a **COA SHALL NOT ISSUE.**

**AN APPROPRIATE ORDER WILL ENTER.**

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE